Mr. Chief Justice Shepard
delivered the opinion of the ■ Court :
This is an appeal from a decree dismissing a bill for the -dissolution of a partnership, and an account. The bill of Herbert E. Smith alleges that he entered into partnership with Charles C. Lancaster, March 20th, 1905, for the general practice of law in the city of Washington, under the name of Lancaster & Smith. That the receipts of the business were ■taken and used by the defendant,- who undertook to keep books -.showing the same and expenditures. That an incorrect balance •of said books was had December 31, 1905, and none has been Lad since. That defendant appropriated to his own private use the receipts of said partnership, refusing to account to plaintiff for any part thereof.
The answer of the defendant denies that any general part-nership ever existed between the parties, and alleges that defendant, who had been many years in business in Washington and had an extended clientage, in 1904, became acquainted with plaintiff, who was then practising law in Porto Pico. 'That plaintiff desired to remove to Washington, and believed '■that he could command a large business from Porto Pico and -other possessions of the United States. That he offered to take plaintiff into his office, and to associate him from time to time 'in special cases, in which cases he should have half of the ■fees collected; and that when he needed his services in cases ■•coming from former clients, he would retain him, paying •special fees for said services. That this offer Avas accepted, -and plaintiff came into the office and entered upon its performance. That he consented to the use of the firm name of Lancaster & Smith, and the advertising of the same, but for •the purposes aforesaid.
As stated by the plaintiff, the question involved is one of Tact. Was there a general partnership created by contract *27 between, the parties as contended by the plaintiff, or was it the "special, limited arrangement claimed by the defendant.
The only direct evidence as to the terms of the association was that of the parties themselves. The undisputed facts are that defendant had been engaged in a collection and claim practice before Congress and the court of claims, which had been carried on with more or less success, and that he had a number of clients who regularly intrusted him with their business. These were chiefly United States Commissioners, clerks, and other officers, whose fee bills were frequently rejected in the Department of Justice. He had little or no general practice in the courts of law or equity. Plaintiff was practising law in Porto Pico in 1904, and seems to have had some experience in general practice. He also spoke the Spanish language. He entered the defendant’s office in 1905. Notice of partnership under the name of Lancaster & Smith was immediately given by circular and advertisement. Plaintiff was introduced by defendant as his partner. Stationery showing this partnership was procured and used. Plaintiff was taken into and assisted in some.old cases of defendant in the court of claims, and briefs and pleadings were filed in the court of claims generally in the partnership name. It is apparent that defendant expected that a large amount of business would be obtained from Porto Pico through plaintiff. This expectation was not realized. Defendant continued, while using the partnership letter heads, to correspond chiefly with his former clients in his individual name, and to take powers of attorney from them to himself. He divided fees with plaintiff in some, at least, of the cases in which he had taken him. Defendant continued to keep what books were kept. Money was deposited in his individual name and drawn by his check. The office had been rented by him, and when a change was made to another building, the lease was taken in his name. After' December 31, 1905, defendant made some payments of fees to plaintiff in special cases according to his own estimate of plaintiff’s services therein. This condition continued until April 18, 1908, when plaintiff, without giving notice of his intentions, left the of *28 fice, and two days later filed this bill. Plaintiff introduced in; evidence the letters written by defendant to.him while he was. in Porto Pico, in 1904 and early in 1905. The bulk of this-is unimportant. It does not amount to a general partnership, but contains language from which, if not negatived by other-circumstances, one might be inferred. At the same time, when considered in connection with the actions of the defendant in. the conduct of the business, it is not inconsistent with his contention as to the actual relations between the parties. The conduct of the parties in advertising and using a partnership-name was sufficient to make them partners by estoppel as to-third persons dealing with them in the faith of such representations, yet, as between themselves, something more is necessary. Their relations as to each other depend upon contract express,, or reasonably to be implied from established circumstances. The burden of establishing the general partnership is upon the plaintiff. While his testimony is direct and is ■ supported by some circumstances, his actions and apparent acquiescence-in the actions of defendant from December 31, 1905, to April 18, 1908, are inconsistent with his contention. On the other hand, the denial of the defendant is equally positive, and while-his earlier actions are to a considerable extent inconsistent, therewith and contradictory, he is supported by the circumstances shown to have existed during the period before mentioned. 'It would subserve no useful purpose to review the-voluminous evidence. This has been carefully examined, and it is sufficient to say that, while we have some doubt as to-whether the plaintiff had been fairly and justly treated, we-are not satisfied that he has discharged the burden under which he rests; and therefore would not be justified in disturbing the conclusion of the learned trial justice. The decree must therefore be affirmed.
We have said that the record is voluminous. It is unnecessarily so. Much of the evidence introduced by the defendant (which the Examiner who took the depositions was bound to-receive and return) consisted of records and pleadings in cases1 in the court of claims, blank pleadings and forms, letters and *29 testimonials from clients, etc. The records from the court of ■claims were introduced to show indorsements, signatures, etc., which could have been shown without incorporating the whole pleading in the deposition. The other papers were inadmissible upon any ground that can be conceived. In designating the papers to be incorporated in the transcript, as required by the rules of this court, the appellant sought to have many of these irrelevant papers omitted. But the appellee, as he had a right to do under the rules, made a counter designation specifying among other unimportant exhibits, etc., the evidence before referred to. In the direction for printing the record given to the clerk of this court, the appellant again sought to exclude a great deal of this irrelevant and immaterial matter that had been included in the transcript; but the appellee required the whole transcript to be printed. The effect of this was to greatly increase the cost of the transcript and of the printed record, as well as to impose upon the court an unnecessary burden.
Nor these reasons, the decree will be affirmed, with an order that the costs be paid, one half, by each party. Affirmed.